UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
AT PIKEVILLE

| | |
|---|---|
| REGINA HURD, | |
|     **Plaintiff,** | CIVIL ACTION NO. 7:18-67-KKC |
| **V.** | <u>OPINION AND ORDER</u> |
| **LIFE INSURANCE COMPANY OF NORTH AMERICA,** | |
|     **Defendant.** | |

\*\*\* \*\*\* \*\*\*

This ERISA matter is before the Court on Defendant, Life Insurance Company of North America's motion for application of the arbitrary and capricious standard of review. (DE 13.) For the reasons set forth below, the Court will **grant** Defendant's motion.

## BACKGROUND

This dispute involves a group disability insurance policy (the "Policy") issued by Life Insurance Company of North America ("LINA") to Regina Hurd's employer, Pikeville Medical Center, Inc. ("PMC"), to provide coverage for its group insurance plan (the "Plan"). Hurd obtained coverage through documents issued by her employer describing the Plan terms. Those terms made clear that claims were to be administered by LINA. On June 16, 2018, Plaintiff removed a state action to this Court alleging that Defendant wrongfully denied her benefits due under the Policy when it halted disability payments in January of 2017. (DE 1.) The Court has jurisdiction over these claims pursuant to the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1132, which provides a mechanism for enforcing insurance policies like Plaintiff's.

Defendant LINA argues for the deferential arbitrary and capricious standard based on the Plan documents issued by Plaintiff's employer, which delegate discretionary authority to LINA for administration of the claims made under the Plan. Plaintiff Hurd on the other hand, argues for a *de novo* review standard.

## ANALYSIS

Courts reviewing benefit determinations under ERISA apply a *de novo* standard unless the plan provides "the administrator or fiduciary discretionary authority to determine eligibility for benefits," in which case a "deferential standard of review [is] appropriate." *Firestone Tire & Rubber Co. v. Bruch*, 489 U.S. 101, 115 S.Ct. 948, 103 L.Ed.2d 80 (1989). In addition, though "magic words" are not necessary, the Sixth Circuit "has consistently required that a plan contain a *clear* grant of discretion." *Frazier v. Life Ins. Co. of N. Am.*, 725 F.3d 560, 566 (6th Cir. 2013) (citing *Perez v. Aetna Life Ins. Co.*, 150 F.3d 550, 555 (6th Cir.1998)).

In the instant case, the Policy provides that to receive disability benefits, the employee "must provide the Insurance Company, at his or her own expense, satisfactory proof of Disability before benefits will be paid." (AR at 2370.) The Policy also enumerates that the "Insurance Company will require continued proof of the Employee's Disability for benefits to continue." (AR at 2370.) The parties here disagree as to whether this "satisfactory proof" language grants LINA the discretionary authority to determine benefit eligibility. (DE 10.)

As the Defendant LINA correctly points out, *Frazier* is the controlling authority on the matter. There, the Sixth Circuit reviewed an older LINA policy with the exact same language as the Policy at issue here. *Frazier*, 725 F.3d at 566. Upon finding LINA's "satisfactory proof" language sufficient to confer discretion, the court applied the arbitrary and capricious standard of review. *Id.* Since the language in dispute is identical to that in *Frazier*, the same outcome is

warranted. Thus, the Court finds that the Policy language is enough to confer discretion, making the arbitrary and capricious standard of review appropriate.

Hurd concedes that *Frazier* requires an application of the arbitrary and capricious review standard. (DE 14.) It is her argument, however, that *Frazier* was wrongly decided and should be overturned. In support of this contention, Hurd notes the trends of other circuits and argues that the underpinnings of the *Frazier* decision have been eroded with time. (DE 14.) Whatever the merits of her argument, it is not the province of this Court to consider them. Unless the Sixth Circuit overturns *Frazier*, this Court is bound by its holding.

Finally, the Court finds Hurd's arguments for applying *Hoover* unpersuasive. In *Hoover*, the court addressed a policy containing "written proof" and "proper written proof" language. *Hoover v. Provident Life & Acc. Ins. Co.*, 290 F.3d 801, 808 (6th Cir. 2002). This "written proof" language is markedly different from the language that was at issue in *Frazier* and is in dispute here. The Court is also unconvinced by Hurd's attempts to distinguish the matter based upon the location of the disputed language within the insurance policy.

## CONCLUSION

Accordingly, **IT IS ORDERED** that Defendant's Motion for application of the arbitrary and capricious standard of review (DE 13) is **GRANTED.**

Dated September 18, 2018.

KAREN K. CALDWELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY